LAW OFFICES

# KRUPNICK CAMPBELL MALONE
# BUSER SLAMA HANCOCK LIBERMAN

A PROFESSIONAL ASSOCIATION

| | | |
|---|---|---|
| JON E. KRUPNICK* | 12 SOUTHEAST SEVENTH STREET | NICK S. DAVITIAN† |
| WALTER G. CAMPBELL, JR.* † | SUITE 801 | SEAN F. THOMPSON |
| KEVIN A. MALONE | FORT LAUDERDALE, FLORIDA 33301-3434 | M. JASON WEIL |
| THOMAS E. BUSER* | ⎯⎯⎯ | BLAKE V. DOLMAN |
| JOSEPH J. SLAMA* | | CHRIS W. ROYER |
| KELLY D. HANCOCK***†≠ | TELEPHONE (954) 763-8181 | ⎯⎯⎯ |
| SCOTT S. LIBERMAN | TOLL FREE (877) 763-8181 | |
| IVAN F. CABRERA† | FACSIMILE (954) 763-8292 | *BOARD CERTIFIED CIVIL TRIAL LAWYER |
| KELLEY B. STEWART†† | ⎯⎯⎯ | ***ADMITTED IN NY |
| MICHAEL J. RYAN | | †ADMITTED IN DISTRICT OF COLUMBIA |
| CARLOS A. ACEVEDO***† | WWW.KRUPNICKLAW.COM | ††ADMITTED IN NORTH CAROLINA |
| HOLLY D. KRULIK | | ≠ADMITTED IN WASHINGTON |

February 18, 2014

**By ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  European Community v. RJR Nabisco, Inc. (No. 11-2475-cv)

Dear Ms. Wolfe:

Plaintiffs-Appellants, the European Community (now the European Union) and 26 Member States, respectfully submit this letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure concerning *Starr International Co. v. FRB*, 2014 U.S. App. LEXIS 1770 (2d Cir. Jan. 29, 2014).

Plaintiffs-Appellants maintain the European Community is an "agency or instrumentality" of the Member States, and on this basis, complete diversity of jurisdiction exists.  *See* Plaintiffs-Appellants Br. 23-38; Reply Br. 1-14.  It is conceded that the EC was formed by the Member States for a "national purpose" (Plaintiffs-Appellants Br. 29-30; Reply Br. 2-3; Defendants-Appellees' Br. 51), and Plaintiffs-Appellants maintain that this factor "is the 'most significant[]'

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
February 18, 2014
Page 2

consideration in ascertaining 'organ' status." *See* Plaintiffs-Appellants Br. 29 (citation omitted); *see also* U.S. Brief as *Amicus Curiae* at 26 ("The United States has consistently taken the view that the public purpose factor is the most important consideration in determining an entity's organ status") (citation omitted).

Consistent with the foregoing, *Starr International* holds that the "instrumentality" status of the Federal Reserve Bank of New York depends on whether it conducts "important governmental functions." *Starr Int'l Co. v. FRB*, 2014 U.S. App. LEXIS 1770, **9-10 (2d Cir. Jan. 29, 2014) ("Because federal reserve banks 'conduct important governmental functions regarding' matters including the 'general fiscal duties of the United States,' they are 'instrumentalities of the federal government'" *quoting Fed. Reserve Bank Bank of St. Louis v. Metrocentre Improvement Dist. # 1, City of Little Rock, Ark.*, 657 F.2d 183, 185-86) (8th Cir. 1981), *aff'd mem.*, 455 U.S. 995 (1982). Plaintiffs-Appellants similarly relied upon *Metrocentre* in addressing the EC's "instrumentality" status. *See* Reply Br. 4-5 (discussing *Metrocentre*). In sum, both *Starr International* and *Metrocentre* support Plaintiffs-Appellants' main argument that the EC -- which concededly conducts important governmental functions -- is an agency or instrumentality of the Member States.

> Respectfully Submitted,
>
> Kevin A. Malone

Attachment
Cc (w/att.):  All Counsel (Via ECF)