# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3674
dmcooper@JonesDay.com

February 20, 2014

**BY ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *European Community, et al. v. RJR Nabisco, Inc., et al.*, No. 11-2475-cv

Dear Ms. O'Hagan Wolfe:

      Appellees respectfully submit this Rule 28(j) letter in response to Appellants' letter, filed February 18, 2014, addressing *Starr International Co. v. FRB*, 2014 U.S. App. LEXIS 1770 (2d Cir. Jan. 29, 2014).

      In *Starr International*, this Court held that "because of the uniquely federal interests at stake in stabilizing the national economy, state fiduciary duty law does not apply to [the Federal Reserve Bank of New York's] rescue activities in this case and that it is preempted and replaced by federal common law." *Id.* at *2. The case did not concern either of the two issues in dispute here, extraterritoriality and diversity jurisdiction. Nonetheless, Appellants argue that *Starr International* is relevant here because this Court stated that the Federal Reserve Bank is an instrumentality of the federal government based (in part) on the fact that it conducts "important governmental functions"; and since the European Community ("EC") also conducts important governmental functions, it is supposedly an instrumentality of its Member States.

      However, this Court's analysis of the Federal Reserve Bank's status as an instrumentality for purposes of deciding preemption has no bearing on how to interpret the instrumentality language of the Foreign Sovereign Immunities Act ("FSIA") for purposes of deciding diversity jurisdiction. To begin with, the FSIA itself defines instrumentality in a very particular way to include only (as relevant here) "an organ of a foreign state." 28 U.S.C. § 1603(b); *see* Appellees' Br. 40. Based on the plain meaning of the term "organ," the legislative history of the FSIA, and the need to give meaning to the International Organization Immunities Act and related statutes (which would be nullified by Appellant's interpretation), an international organization like the EC is not an organ of its Member States. *See* Appellees' Br. 40-49. Of course, none of

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Catherine O'Hagan Wolfe
February 20, 2014
Page 2

these arguments was remotely relevant in *Starr International*.  Accordingly, *Starr International* is inapposite here.

           Respectfully submitted,

           /s/ David M. Cooper
           David M. Cooper

cc:　　All counsel (by ECF)